**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

WILLIAM L. RICHARDS, JR.,

                Plaintiff,

vs.                                                        Case No. 5:09-cv-447-Oc-32TBS

FINANCIAL SERVICES AUTHORITY,

                Defendant.

## **ORDER**

This case is before the Court to determine the appropriate amount of sanctions to be imposed against plaintiff William L. Richards, an attorney who is proceeding pro se.

**I.    Background**

In the Complaint, Richards asserted that Defendant Financial Services Authority ("FSA") was liable for allegedly interfering with a transfer of certain funds. In a previous Order, this Court dismissed plaintiff's claims with prejudice, finding that there was no evidence of FSA's involvement and that plaintiff was likely the victim of an international fraud scheme. Doc. 24.

FSA filed a Motion For Sanctions Pursuant to Rule 11, arguing that Richards had no basis to proceed with this case after FSA filed its motion to dismiss. Doc. 13. On July 26, 2010, the assigned United States Magistrate Judge issued a Report and Recommendation which recommends that FSA's motion for sanctions be granted. Doc. 29. No objections have been filed and the time in which to do so has now passed.

Pursuant to the July 26, 2010 Report and Recommendation, FSA filed a Declaration

of Attorney's Fees and Expenses. Doc. 30. Although the Court gave Richards an opportunity to respond to FSA's declaration (see Doc. 31), Richards did not file a response. Instead, Richards appealed this Court's Order dismissing the case with prejudice. See Doc. 32.

On December 20, 2010, while the appeal was pending, the Magistrate Judge issued a second Report and Recommendation which recommends that this Court enter a sanction judgment against Richards for attorney's fees and expenses in the amount of $24,717.47. Doc. 34. Plaintiff again filed no objections and the time in which to do so has passed.

On May 27, 2011, the Court of Appeals for the Eleventh Circuit affirmed this Court's order dismissing the case with prejudice. The Eleventh Circuit also granted "FSA's motion for sanctions against Richards in the form of reasonable attorney's fees and double costs." Doc. 37 at 9. The Eleventh Circuit remanded the case to this Court "for the limited purpose of calculating and assessing appropriate sanctions." Id. Pursuant to the Eleventh Circuit's judgment, FSA filed its Declaration of Appellate Attorney's Fees and Costs, which requests a total of $58,758.51 in costs and attorney's fees. Doc. 36 at 9. Richards has not responded.

**II. Discussion**

This case presents two distinct issues regarding sanctions. First, the Court must consider whether Richards' actions violated Rule 11 of the Federal Rule of Civil Procedure, and, if so, the proper amount of sanctions. Second, this Court must calculate and assess the appropriate amount of sanctions relating to Richards' appeal to the Eleventh Circuit.

A. Rule 11 Sanctions

Under Rule 11, sanctions are warranted when a plaintiff pursues a claim that has no reasonable factual or legal basis or is filed in bad faith or for an improper purpose. See Fed. R. Civ. Pro. 11. For the reasons stated in the July 26, 2010 Report and Recommendation (Doc. 29), the Court, after an independent and de novo review, finds that Richards should have known that his claims lacked any factual basis after the filing of FSA's motion to dismiss. See id. Richards' continued pursuit of this case after that date thus violated Rule 11, and FSA is entitled to its reasonable attorney's fees and other expenses incurred after February 10, 2010, the date on which FSA's motion to dismiss was filed.

The amount of recoverable attorney's fees is "determined by multiplication of a reasonable hourly rate times hours reasonably expended." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Moreover, "[i]t is perfectly proper to award attorney's fees based solely on affidavits in the record." Id.

For the reasons stated in the December 20, 2010 Report and Recommendation (Doc. 34), the Court, after an independent and de novo review, finds that the hourly rates and hours listed in FSA's Declaration of Attorney's Fees and Expenses (Doc. 30) are reasonable and that no adjustment is required. The Court further finds that the expenses listed in the Report and Recommendation are recoverable. The Court thus grants an award of $24,717.47 for Richards's violation of Rule 11.

B.     Appellate Sanctions

The Eleventh Circuit held that appellate sanctions should be assessed against

Richards "in the form of reasonable attorney's fees and double costs." Doc. 37 at 9. The hourly rate requested in Defendant's Notice of Filing (Doc. 36) is substantially similar to the rate found to be reasonable in the December 20, 2010 Report and Recommendation (Doc. 34). For the reasons stated therein, and in the absence of any objections from Richards, the Court finds that such rates are also reasonable with respect to work performed during the appeal.[1]

The Court must assess the reasonable hours spent by FSA's counsel on the appeal and deduct any hours that were "excessive, redundant or otherwise unnecessary." Norman, 836 F.2d at 1301. FSA requests an award for 112.1 total hours of work performed during the appeal. Although multiple attorneys were involved, Charles C. Kline, in his Declaration of Appellate Attorney's Fees, states that FSA's attorneys were careful to avoid duplication of effort. See Doc. 36 at 7. Specifically, Cheryl Sloane, who billed 72.6 total hours, "performed the bulk of the Relevant Legal Services, including drafting and preparing FSA's Answer Brief," while Nicole Sulsky, who billed a total of 33.3 hours, edited the Answer Brief and drafted the Motion for Appellate Sanctions. Id.

After reviewing the billing records of FSA's counsel (Doc. 36 at 21-24), the Court finds that, although counsel's appellate brief thoroughly and comprehensively dealt with the issues on appeal, given the nature of the case and the work already performed at the district court

---

[1] Unlike the rates listed in FSA's previous declaration, however, FSA's Declaration of Appellate Attorney's Fees and Costs includes a 17.5% increase in attorney's fees for a "VAT tax." See Doc. 36 at 6. Because FSA did not seek recovery of this expense for its fees at the district court level and FSA has not explained why it should be entitled to such an amount on appeal, the Court declines to award any fees relating to the "VAT tax."

level, the amount of time spent on the appeal was not all reasonably necessary. Despite having the benefit of the motion to dismiss and the July 26, 2010 Report and Recommendation, FSA spent a total of 112.1 hours on the appeal, including approximately 70 hours drafting the Answer Brief. The Court will thus reduce the total number of hours by 35%, resulting in 72.86 total hours. This reduction in hours will be assessed at $341.05, the rate charged by Sulsky and Sloane. The resulting calculation of attorney's fees is $25,341.[2]

As the Eleventh Circuit has explained, "[a]fter the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained. If the result was excellent, then the court should compensate for all hours reasonably expended." Norman, 836 F.2d at 1302. Here, because the Eleventh Circuit affirmed this Court's order dismissing the case with prejudice, counsel for FSA obtained an excellent result and thus no further adjustment is warranted.

The Court will also award costs for the following items: copying, $165.67; telephone, $3.08; postage $2.47; and computerized legal research $3,579.59.[3] Pursuant to the Eleventh Circuit's judgment, such costs must be doubled, resulting in costs of $7,476.87.[4]

---

[2] This amount also excludes FSA's VAT tax expenses. See supra n.1.

[3] The Court has declined to award costs for the following amounts claimed by FSA: courier services, $113.92; word processing, 115.98; professional services relating to appellate attorney's fees and costs, $1,660; and VAT tax billed to FSA, $989.29. See Doc. 36 at 8.

[4] This amount was reached by doubling the costs and subtracting $24.75. FSA acknowledges that its costs should be reduced by this amount because it has submitted a bill of costs in the Eleventh Circuit for $24.75. See Doc. 36 at 9.

5

**III. Conclusion**

The Court has assessed sanctions against Richards in the amount of $24,717.47 for his violation of Rule 11 and $32,817.87 in appellate sanctions. The total amount of sanctions is thus $57,535.34.

Accordingly, it is hereby

**ORDERED**:

1. The July 26, 2010 Report and Recommendation (Doc. 29) of the Magistrate Judge is **ADOPTED** as the opinion of this Court.

2. Defendant's Motion for Sanctions Pursuant to Rule 11 (Doc. 13) is **GRANTED**.

3. The December 20, 2010 Report and Recommendation (Doc. 34) of the Magistrate Judge is **ADOPTED** as the opinion of this Court.

4. The Clerk is directed to enter judgment against William L. Richards, Jr. and in favor of Financial Services Authority for its attorneys' fees and costs in the total amount of $57,535.34.

5. Post-judgment interest on this award is granted pursuant to 28 U.S.C. § 1961 and will begin accruing upon entry of judgment.

6. The Clerk shall close the file following entry of judgment.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of February, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record